MARTHA CRAIG DAUGHTREY,
concurring.
I write separately only to note that we do not have to reach the question of whether a reasonable official would have known that the CBA was still in effect at the time the plaintiffs were terminated, because even if a reasonable official would not have known that the contract was still in effect, Atkins still would not be entitled to qualified immunity. Under clearly established Michigan law, at the expiration of a labor contract employers may not unilaterally alter those “wages, hours, and other terms and conditions of employment” designated to be mandatory subjects of bargaining unless and until the parties have reached an impasse in their contract negotiations. Port Huron Educ. Ass’n MEA/NEA v. Port Huron Area Sch. Dist., 452 Mich. 309, 550 N.W.2d 228, 234 (1996) (quoting M.C.L. § 423.215(1)). “This prohibition against unilateral action prior to impasse serves to foster labor peace and must be liberally construed.” Local 1467, Int’l Ass’n of Firefighters v. Portage, 134 Mich.App. 466, 352 N.W.2d 284, 288 (1984). Grievance and arbitration procedures are mandatory subjects of bargaining under Michigan law, just as they are under federal law labor law. County of Ottawa v. Jaklinski, 423 Mich. 1, 377 N.W.2d 668, 673 (1985). Hence, a reasonable official in Atkins’s position should have known that, even if the contract had expired, the plaintiffs were nonetheless entitled to the grievance procedures mandated by the CBA, at least until an impasse had been reached in the contract negotiations between the union and the 36th District.